IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01712-GPG

CRAIG S. ROBLEDO-VALDEZ,

    Applicant,

v.

SHERIFF SHRADER,

    Respondent.

---

## ORDER OF DISMISSAL

---

Applicant, Craig S. Robledo-Valdez, is a pretrial detainee at the Jefferson County Detention Facility in Golden, Colorado. Mr. Robledo-Valdez has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) seeking a reasonable bond or immediate release. The Court must construe the Application liberally because Mr. Robledo-Valdez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

On September 2, 2015, Magistrate Judge Gordon P. Gallagher ordered Respondent to file a Preliminary Response that addresses the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondent intends to raise either or both of those defenses

in this action.   Magistrate Judge Gallagher also directed Respondent to address whether the Court should abstain from exercising jurisdiction in this action in accordance with the *Younger* abstention doctrine.   See *Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).   On September 17, 2015, Respondent filed Sheriff Jeff Shrader's Preliminary Response to Plaintiff's Application for Writ of Habeas Corpus (ECF No. 12).   Respondent asserts that Mr. Robledo-Valdez has failed to exhaust state remedies for two of his claims and that the Court should abstain from exercising jurisdiction pursuant to *Younger*.   On October 5, 2015, Mr. Robledo-Valdez filed Plaintiff's Response to Defendant's Brief (ECF No. 13).

As noted above, Mr. Robledo-Valdez is a pretrial detainee.   He asserts three claims for relief in the Application contending his bond is excessive in violation of the Eighth Amendment, his right to be free from double jeopardy is being violated because the pending criminal charges are based on threatening statements he made in 2008 and for which he previously was convicted, and his Fourteenth Amendment rights are being violated because he is being denied equal protection.   It is not clear why Mr. Robledo-Valdez believes he is being denied equal protection.

The Court first will address the *Younger* abstention doctrine.   Absent extraordinary or special circumstances, the Younger abstention doctrine prohibits federal courts from interfering with ongoing state criminal proceedings.   See *Phelps*, 122 F.3d at 889.  Abstention is appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional

challenges."  *Id.*

The first condition is met because Mr. Robledo-Valdez concedes the state court proceedings are ongoing.   The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."   *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).   With respect to the third condition, Mr. Robledo-Valdez fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings.   In fact, at least with respect to the excessive bond claim, he acknowledges he has had multiple bond reduction hearings and that he has raised the claim in the Colorado Supreme Court.

Mr. Robledo-Valdez "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'"   *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).   However, the fact that Mr. Robledo-Valdez will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury.   *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the

> defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889.   It is Mr. Robledo-Valdez's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment."   *Id.*

Mr. Robledo-Valdez fails to allege facts that demonstrate the criminal case against him was commenced with no reasonable hope of success.   He also fails to allege specific facts that demonstrate any improper motivation for the charges.   Finally, he fails to allege facts that indicate the criminal case against him has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion.   In short, Mr. Robledo-Valdez's conclusory assertions in support of his claims are not sufficient to overcome the bar of *Younger* abstention.

The Court recognizes that a colorable double jeopardy claim properly may be raised via § 2241 in a pretrial habeas corpus action.   *See Walck v. Edmondson*, 472 F.3d 1227, 1232-34 (10th Cir. 2007).   However, Mr. Robledo-Valdez does not assert a colorable claim that he is right to be free from double jeopardy is being violated.   His conclusory assertion that he is being retried for threatening statements he made in 2008 and for which he previously was convicted is undermined by his admission that he was charged with stalking in the current case after contacting the victim anew five years later and asking her how she is doing.

The Court next will address the exhaustion issue.   "A habeas petitioner is

generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Finally, Mr. Robledo-Valdez bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Robledo-Valdez fails to demonstrate he has exhausted state remedies for either the double jeopardy claim or the equal protection claim. Therefore, even if the Court was not required to abstain from exercising jurisdiction over the double jeopardy claim, that claim still must be dismissed for failure to exhaust state remedies. Respondent does not raise the affirmative defense of exhaustion with respect to the excessive bond claim. However, the Court still must abstain from exercising jurisdiction over the excessive bond claim pursuant to *Younger*. *See Lazarus v. Baca*, 389 F. App'x 700 (9th Cir. 2010). Therefore, the entire action will be dismissed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth

Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for the reasons stated in this order.   It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   15th   day of   October  , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court